

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*          *412/644-3500*

May 6, 2025

Steven C. Townsend, Esquire
Eddy, Townsend, Gravina & Bendik
564 Forbes Avenue
Pittsburgh, PA 15219

Daniel J. Cuddy, Esquire
Grant Building
310 Grant Street, Suite 3000
Pittsburgh, PA 15219

Re:     United States of America v.
        Stefano Zanetti
        Criminal No. 22-306

Dear Mr. Townsend and Mr. Cuddy:

This letter sets forth the agreement by which your client, Stefano Zanetti, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Stefano Zanetti and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Stefano Zanetti will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

LIMITED OFFICIAL
USE

Removal and other immigration consequences, including denaturalization if the defendant is a naturalized citizen, are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

7. Stefano Zanetti waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

(a) If the United States appeals from the sentence, Stefano Zanetti may take a direct appeal from the sentence.

(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Stefano Zanetti may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

8. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Stefano Zanetti in the offenses charged in the

may order that restitution be paid to any victim, person, or party directly harmed by Stefano Zanetti's criminal conduct in the course of the conspiracy.

5. The parties stipulate that the loss for purposes of Section 2B1.1 of the United States Sentencing Guidelines is more than $1,500,000 but not more than $3,500,000. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

6. The parties agree that the base offense level is (7) seven. The parties further agree that the base offense level should be raised:

   (a) By sixteen (16) levels under Section 2B1.1(b)(1)(I) of the Guidelines (Loss);

   (b) By two (2) levels under Section 2B1.1(b)(2)(A) of the Guidelines (Number of Victims);

   (c) By two (2) levels under Section 2B1.1(b)(10)(B) of the Guidelines (Fraud Committed from Outside the United States);

   (d) By two (2) levels under Section 2S1.1(b)(2)(B) of the Guidelines (conviction under 18 U.S.C. § 1956);

   (e) By two (2) levels under Section 3A1.1(b)(1) of the Guidelines (Vulnerable Victim);

   (f) By two (2) levels under Section 3A1.1(b)(2) of the Guidelines (Large Number of Vulnerable Victims); and,

   (g) By four (4) levels under Section 3B1.1(a) of the Guidelines (Aggravating Role).

   Thus, the parties agree that subject to the terms of paragraph B.2 of this agreement related to acceptance of responsibility, Stefano Zanetti's overall offense level under the Sentencing Guidelines is thirty-four (34).

   These agreements are not binding on the Court.

7. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Stefano Zanetti acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

Page 7

I have received this letter from my attorneys, Steven C. Townsend, Esquire, and Daniel J. Cuddy, Esquire, have read it and discussed it with them, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
STEFANO ZANETTI

_____5-16-25_____
Date

Witnessed by:

_____
STEVEN C. TOWNSEND, ESQUIRE
Counsel for Stefano Zanetti

_____
DANIEL J. CUDDY, ESQUIRE
Counsel for Stefano Zanetti