**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA )
                               )
    v.                        )   22-cr-306-1
                               )
STEFANO ZANETTI, )
                               )
       Defendant.       )
                               )

## <u>TENTATIVE FINDINGS & RULINGS</u>

The Court has reviewed the relevant record in Defendant Stefano Zanetti's case, including the final Presentence Investigation Report ("PSR"), the addendum to the PSR, the Probation Office's recommendation of an appropriate sentence,[1] the parties' position statements, and their sentencing memoranda, including all attached exhibits. The Court has also reviewed the Sentencing Guidelines themselves.

Additionally, as the parties are aware, the Court has presided over cases involving a number of Defendants associated with the same scheme, and reviewed the various pleadings and sentencing memoranda associated with those cases, as well.

After careful consideration, the Court issues the following tentative findings and rulings:

---

[1] Under Fed. R. Crim. P. 32(e)(3) and LCrR 32(G), the Court finds that the Probation Office's sentence recommendations should not be disclosed to Mr. Zanetti, his counsel, or the government. That said, in determining Mr. Zanetti's sentence, the Court will not consider any factual or legal matter that has not been disclosed to both parties and counsel.

## I. Applicable statutory penalties and enhancements.

The applicable statutory mandatory minimums and maximums are as follows. At Count I, a term of imprisonment of up to 20 years, a fine of not more than $250,000, or two times the gross gain to any person, a term of supervised release of up to five years, and a special assessment of $100. At Count II, a term of imprisonment of up to 20 years, a fine of not more than $500,000, or two times the value of the property involved in the transaction, a term of supervised release of up to three years, a special assessment of $100, and an additional assessment of $100. Restitution must be at least $30,500.

## II. Tentative factual findings and conclusions.

### A. Adoption of the PSR and calculation of the Guidelines range.

Having received no objections, the Court will tentatively accept and adopt the findings and conclusions of the Probation Office's PSR (and addendum), including the calculation of the advisory Sentencing Guidelines in the PSR. The Court calculates the Guidelines range as follows.

The Court finds that Mr. Zanetti's base offense level is 27. USSG § 2S1.1 After a two-point increase under USSG § 2S1.1(b)(2)(B), a two-point increase under USSG § 3A1.1(b)(1), a two-point increase under USSG § 3A1.1(b)(2), a four-point increase under USSG § 3B1.1(a), a two-point reduction under USSG § 3E1.1(a) for clearly accepting responsibility, and a one-point reduction under USSG § 3E1.1(b) for timely notifying authorities of his intent to plead, the Court finds that Mr. Zanetti's total offense level is 34. A total offense level of 34 and a criminal history category of I result in a Guidelines range of 151 to 188 months imprisonment. USSG § 5G1.1(c).

Congress requires a supervised release term of not more than 3 years. 18 U.S.C. § 3583(b)(2). The Guidelines range for a term for supervised release is 1 to 3 years. USSG § 5D1.2(a)(2). The Guidelines recommend a fine between $35,000 to $350,000. USSG § 5E1.2(c)(3). A special assessment for each count is mandatory, totaling $200. 18 U.S.C. § 3013. Mr. Zanetti is ineligible for probation. USSG § 5G1.1 n.2.

## III. Nature of sentence.

The Court will take the parties' arguments as to an appropriate sentence under advisement.

The Court would note that in Case No. 22-301, Mr. Ferrer made arguments at sentencing suggesting that Mr. Zanetti essentially kept him hostage or as a prisoner in his home, and coerced him into continuing in the scheme. This fact may be applicable in fashioning a sentence in Mr. Zanetti's case, and so counsel shall be prepared to address it at the sentencing hearing.

Additionally, the parties shall be prepared to address at the sentencing hearing Mr. Zanetti's request to serve his sentence in Canada.

## IV. Restitution, special assessments, and fine.

First, as to restitution, consistent with the plea agreement, the Court tentatively intends to impose restitution. The victim impact materials indicate that victim R.S. has requested restitution in the amount of $23,000, and victim R.B.G. has requested restitution in the amount of $7,500. The government has argued here that restitution should be paid to all the victims identified in the judgments of Defendants Samuel David Ferrer Avila and Roderick Feurtado, for a total of $780,870, joint and

several. If there are any disputes over restitution, the government shall be prepared to make a record of the restitution amount. Additionally, the defense shall be prepared to indicate how much of any restitution Mr. Zanetti can pay in a lump sum.

Second, as to special assessments, the Court will impose the mandatory Section 3013 special assessment of $200.

Third, as to a fine, the Court tentatively intends to impose a fine, given Mr. Zanetti's prior earning history, so the parties shall be prepared to address this issue at sentencing.

## V. Forfeiture.

The Court tentatively finds that forfeiture is inapplicable in this case.

## VI. Supervised-release conditions.

Given that Mr. Zanetti is not a U.S. citizen and will likely be subject to deportation after serving his prison sentence, the Guidelines do not recommend imposing any supervised release. USSG § 5D1.1(c).

That said, it has recently come to the Court's attention that some term of supervised release may be necessary in order to ensure that a defendant is eligible for certain good-time credits from the BOP. 18 U.S.C. § 3624(g)(3). So, the Court intends to impose one day of supervised release, with the mandatory and standard conditions attached hereto.

Counsel should raise objections to these conditions, if any, at the sentencing hearing.

## VII. Voluntary surrender.

Mr. Zanetti is in custody, and so the Court tentatively finds that he is not a

candidate for voluntary surrender.

DATED this 29th day of April, 2026.

BY THE COURT:


/s/ *J. Nicholas Ranjan*
United States District Judge
